IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHURCH OF THE OVERCOMER and REVEREND KEITH COLLINS, Plaintiffs, v. COUNTY OF DELAWARE and CHICHESTER SCHOOL DISTRICT, Defendants. | : : : : : : : : : : : | CIVIL ACTION NO. 12-7032 |

MEMORANDUM

PRATTER, J.                                                                                                         NOVEMBER 5, 2013

Plaintiffs, the Church of the Overcomer (the "Church") and Reverend Keith Collins, have asserted claims under 42 U.S.C. § 1983 against the County of Delaware (the "County") and Chichester School District ("the School District"), related to Defendants' actions following the Church's requests for tax exempt status for two properties. Plaintiffs claim that the properties located at 1001 and 1010 Sunset Street in the Borough of Trainer are entitled to tax-exempt status under the General County Assessment Law, 72 P.S. § 5020–204. Compl. at ¶ 24. The Complaint avers that the Church filed two requests for exemptions for 1010 Sunset Street and one request for an exemption for 1001 Sunset Street with the Delaware County Board of Assessment (the "Assessment Board"). However, only 1001 Sunset Street has achieved tax exempt status. Plaintiffs allege that the County's action in approving the Assessment Board's denial of tax exempt status to 1010 Sunset Street was based on race discrimination because the Church is a church whose members are African-American. *Id.* at ¶ 27. Plaintiffs also allege that the School District's actions of appealing the Assessment Board's grant of tax exempt status to

1

1001 Sunset Street, and its opposition to the Church's appeal of the Assessment Board's denial of tax exempt status for 1010 Sunset Street were also based on racial discrimination. *Id.* Both Defendants moved to dismiss the Amended Complaint for various reasons, including that this Court lacks subject matter jurisdiction over the dispute. For the reasons discussed below, the Court holds that it lacks subject matter jurisdiction to decide this case, and, accordingly, the case must be dismissed.

A motion to dismiss under Rule 12 (b)(1) of the Federal Rules of Civil Procedure challenges "the existence of subject matter jurisdiction in fact." *Mortensen v. First Federal Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). Unlike a motion to dismiss pursuant to Rule 12(b)(6), under Rule 12(b)(1) the Court does not presume the truthfulness of the plaintiff's allegations, and the plaintiff bears the burden of persuading the Court of the existence of jurisdiction. *Siravo v. Crown, Cork, & Seal Co.*, No. 06-4308, 2007 WL 1118389 (E.D. Pa. Apr. 6, 2007).

The gravamen of the Complaint here states that the Church was wrongly denied tax exemptions, and, accordingly, the Court should award damages under §1983 because "Plaintiffs have been required to, are presently required to, and will be required in the future to pay tax assessments." Compl. ¶ 33. The Defendants assert, and the Plaintiffs do not contest, that because the Complaint addresses state tax issues, the Tax Injunction Act, 28 U.S.C. § 1341, and the principle of comity, require the Court to dismiss this action for lack of jurisdiction.

The Tax Injunction Act provides as follows: "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. Although the Supreme Court has not expressly held that the Tax Injunction Act precludes claims for damages,

in *Fair Assessment in Real Estate v. McNary*, 454 U.S. 100, 115-116, 102 S.Ct. 177, 70 L.Ed.2d 271 (1981), the Court determined that suits under §1983 seeking damages for the alleged imposition of wrongful taxes are barred by principles of comity, provided that effective relief is obtainable in state court. Accordingly, the Third Circuit Court of Appeals has explained that "[t]aken together, the Tax Injunction Act and the Supreme Court's decision in *McNary* make it clear that a federal court cannot entertain a suit posing either an equitable or a legal challenge to state or local taxes ('any tax under state law') if a sufficient remedy (a remedy which the Tax Injunction Act terms 'plain, speedy and efficient' and which comity views as 'plain, adequate and complete') is available in state court. *Kerns v. Dukes*, 153 F.3d 96, 101 (3d Cir. 1998) (quoting *McNary*, 454 U.S. at 115.)

In light of the above, the Court does not have subject matter jurisdiction over Plaintiffs' claims. As counsel for all parties note, the Complaint undeniably and directly raises issues of state taxation. Additionally, the Third Circuit Court of Appeals has held unambiguously that Pennsylvania's state courts provide a "'plain, speedy, and efficient' remedy for challenges to a county's assessment of real property taxes." *Hill v. Carpenter*, 323 F. App'x 167, 171 (3d Cir. 2009) (quoting *Gass v. County of Allegheny, Pa.*, 371 F.3d 134, 137–38 (3d Cir.2004). In fact, in this case, Plaintiffs have already filed state court actions alleging similar discrimination claims with regard to the tax assessments that they would challenge here. Compl. ¶ 17. Accordingly, because Plaintiffs are challenging the validity of state taxes, and because an adequate remedy exists at the state level, the action must be dismissed for lack of subject matter jurisdiction. At oral argument and in subsequent communications, in keeping with the highest professional traditions as embodied in Pennsylvania Rules of Professional Conduct 3.1 and 3.2, Plaintiffs' able counsel—admirably acknowledging the significance of the law against his clients'

jurisdictional position—has accepted as much. Of course, in dismissing this case on jurisdictional grounds, the Court is making no assessment of the merits of any party's position. An order consistent with this memorandum follows.

S/Gene E.K. Pratter

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE